CATHERINE McLANE *vs.* MARY CURRAN.

Plymouth. Oct. 17. — Nov. 29, 1882. LORD, C. ALLEN & COLBURN, JJ., absent.

A guardian cannot, during the existence of that relation, maintain an action at law against his ward for necessaries furnished to him, even if the guardian has no property of the ward in his possession.

CONTRACT, upon an account annexed, for necessaries furnished by the plaintiff to the defendant. Writ dated April 29, 1880.

The case was referred to an auditor, who reported that the plaintiff was the mother of the defendant, who was a minor, and of whom the plaintiff was appointed guardian in March 1875, the defendant being then eleven years old; that the defendant's father died intestate on January 14, 1875, seised and possessed

of both real and personal property, and the plaintiff was appointed administratrix of his estate; that no inventory was filed by the plaintiff, either as administratrix or as guardian; that, in May 1880, the plaintiff filed an account as guardian of the defendant in the Probate Court, charging the defendant with precisely the same items and the same prices as were charged by the plaintiff in her account annexed to the writ in this action; and that such account was disallowed by the Probate Court. The auditor found that a certain sum was due from the defendant to the plaintiff, with interest from the date of the writ, if, as matter of law, the plaintiff was entitled to maintain her action, which question was reserved for the opinion of the court.

At the trial in the Superior Court, without a jury, *Brigham*, C. J., ruled that, upon the facts stated in the auditor's report, which was the only evidence offered, the action could not be maintained; and ordered judgment for the defendant. The plaintiff alleged exceptions.

*H. Kingman*, for the plaintiff.

*C. G. Davis & W. H. Osborne*, for the defendant.

DEVENS, J. The plaintiff was appointed the guardian of the defendant, and, so far as appears by the report of the auditor upon which the ruling of the Superior Court was based, was so at the commencement of the action, and still is such guardian. The action is upon an alleged contract for necessaries. That an action at common law cannot be maintained between a guardian and a ward while that relation exists, is clear. The character of that relation, the capacity in which the guardian acts, the duty to the ward's property, (even if a guardian *ad litem* may be appointed where he is interested,) forbid that they should occupy the distinctly adverse position of suitors at common law, especially as to transactions occurring since the guardianship commenced. *Brown* v. *Howe*, 9 Gray, 84. *Mason* v. *Mason*, 19 Pick. 506.

But even if the guardianship has come to an end, until at least an account has been settled in the Probate Court, and it has there been found that something is due from the ward, no such action can be maintained. The accounts between them are to be adjusted with all the facilities there offered for convenient settlement, and they are each to be held to the responsibilities

growing out of the relation in which they have been placed by the action of that tribunal. It is for their mutual protection that this should be so, and that, before any rights are sought to be enforced elsewhere, the extent of such rights should be there determined. No action can be brought against a guardian by his late ward, to charge him in an action for money had and received. It is necessary for the protection of the guardian to hold that the remedy of the ward is by proper proceedings in the Probate Court, and thereafter by action on the probate bond. *Brooks* v. *Brooks*, 11 Cush. 18. *Conant* v. *Kendall*, 21 Pick. 36. It is certainly as necessary that any claims which the guardian may have against the ward should be determined there. Where a guardian therefore had incurred what were claimed to be necessary expenses on account of a minor ward, it was held that an action at law could not be maintained by him against the ward, after the guardianship had ceased, and that his claim must be made on the settlement of an account in the Probate Court. *Hapgood* v. *Wesson*, 7 Pick. 47.

It is sought to distinguish this case, upon the ground that here it is found that no property of the ward ever came to the hands of the guardian. We do not understand this to be the finding of the auditor, but the fact is not important in our view. It is the relation in which the parties have stood to each other, rather than the fact that property has or has not come to the hands of the guardian, that renders it inconvenient and improper that either should undertake to sue the other at common law. In *Smith* v. *Philbrick*, 2 N. H. 395, the guardianship had come to an end, and it distinctly appeared that no property of the ward had ever come into the possession of the guardian; yet it was decided that until an account had been settled by the guardian in the Probate Court, and a balance had been there found due him, no action could be maintained. The guardian in the present case presented the same account here sued to the Probate Court, and it was disallowed. If erroneously so, an ample remedy was provided, but it is not to be found in this suit.

In this aspect of the case, it would be superfluous to consider whether any promise could have been implied, upon the facts reported by the auditor, as against the defendant, to pay the plaintiff's demand.                    *Judgment affirmed.*