### J. D. SHINER ET AL. v. H. B. SHINER ET AL., EXECUTORS.

Delivered March 31, 1897.

1. **Guardian Ad Litem—Disqualification of Regular Guardian—Partition.**
In an action for partition of an estate, where the regular guardian of minor heirs is disqualified by reason of the adverse interest of his own children, a guardian ad litem is properly appointed for such minor heirs.

2. **Same—Right to Appeal.**
A guardian ad litem of infant devisees may appeal from a judgment in an action for partition and distribution of the estate.

3. **Practice on Appeal—Presumption.**
This court will presume that the District Court had jurisdiction of an appeal from the County Court, though the appeal bond does not appear in the record, there being in the judgment a reference to such bond.

4. **Partition—Expenses of Executors—County Court.**
The County Court, which, under a will, has jurisdiction of an application for partition of the estate and settlement of the accounts of the executors, may provide for the payment to the executors of any amount found due them as executors from the estate.

5. **Same—Verdict—Certainty of Description.**
The verdict in a proceeding for partition and distribution of an estate, directing that four acres, the "south part" of a specified parcel of land shall be taken for payment of debts and charges, sufficiently identifies the land to be taken; but a further provision for taking a specified number of acres "joining the above tract on the north" does not sufficiently identify the land referred to.

6. **Same—Supplemental Account of Executors—Surprise.**
A distributee of an estate has no ground to complain of surprise because leave is

given the executors before the jury is impaneled to file an aditional or supplemental account, where the items are of the same nature as those in the original account.

**7.   Same—Parties.**

Where a testatrix directed her executors to procure partition of the estate into equal parts, and devised one of such parts to the children of a son, the children by the son's second wife were necessary parties on application by the executors for partition.

**8.   Pleading—Amendment—Surprise.**

A party cannot complain of surprise by an amendment filed for the purpose o meeting his own contention.

**9.   Partition—Minor Owners of One Share—Division of Their Share.**

A sixth interest in land devised by a will providing that it should remain in the hands of the executors subject to sale or other disposition by them, a portion thereof to be delivered to each child of a designated person then or thereafter born, on attaining his majority, is properly left undivided in proceedings for partition of the estate.

**10.   Same—Advancement to Infant Devisees.**

In proceedings for partition of an estate, executors should not be allowed for advancements by them as trustees to certain infant devisees.

APPEAL from Bexar.    Tried below before Hon. ROBERT B. GREEN.

*George C. Altgelt*, for appellants.

*Henry E. Vernor*, for appellees.

JAMES, CHIEF JUSTICE.—Emma Shiner died, disposing of her property by will substantially in the following manner:    She directed her executors to collect the money due her, and, after payment of all debts, to divide the same.    All her other property she required to be divided into six equal parts, and left one part to her daughter Mrs. Brady, and to each of her sons W. B. Shiner, M. K. Shiner and H. B. Shiner.    To the children of another son, M. C. Shiner, she gave one-sixth, and to the children of another son, J. V. Shiner, one-sixth.    She directed that as soon as practicable her executors should proceed to procure a partition of her estate into six portions as above indicated, giving them the power to have this done without waiting twelve months after probate of the will.    As to the shares of the said children, she provided that her executors, or their successors, who were named in the will, should take charge of, absolutely control, lease, rent, or sell, the same, according to their discretion, until such time as the children should, respectively, reach the age of 21, when such child's interest should be delivered by the executors.    The will dispensed with bond, and provided that no action should be had in the courts relative to the estate, other than the probate of the will, the filing of an inventory, and the partition.    After partition, as before stated, the will provides for a continuance of the powers of the executors and their successors, as to the two-sixths that were to be distributed ultimately to the children of J. V. and M. C. Shiner.

The will was probated in February, 1892, and on August 14, 1893,—

the estate in the meantime having been managed by them,—the following application was filed by the executors in the County Court: "Now come the executors, * * * and make application for the partition and distribution of said estate among the persons entitled thereto, all of whom are residents of Bexar County, Texas, to-wit: H. B. Shiner, one-sixth interest; W. B. Shiner, same; M. K. Shiner, same; Mrs. Mary Brady, wife of Thomas F. Brady, one-sixth,—all adults. J. D. Shiner and Walter Shiner, one-twelfth each, and Milton Shiner, Gordon Shiner, and Vernon Shiner, minors, one-eighteenth each. The executors represent that the probable future expenses of administration and caring for said estate, and debts which may yet be allowed or established, approximate the sum of twenty thousand dollars. Wherefore executors pray for citation to issue, and for partition and distribution for allowance as stated, and for general and special relief."

An appeal was taken to the District Court, as the record shows, by Brady and wife; and an appeal is taken from the judgment of the District Court by George C. Altgelt, in the capacity of guardian ad litem of J. D. and Walter Shiner.

The first question relates to the right of this guardian ad litem to prosecute the appeal.

In this connection, the facts appear to be that M. C. Shiner had taken out letters of guardianship on the estate of said J. D. and Walter Shiner, and also on the estate of his own children, Milton, Gordon, and Vernon Shiner. In the District Court the judge did not permit him to represent any of these minors, and appointed a guardian ad litem for Milton, Gordon and Vernon Shiner, and appointed George Altgelt such guardian of J. D. and Walter Shiner. The record does not inform us of the grounds for this action.

So far as the appointment of such representative for the minors J. D. and Walter Shiner is concerned, we believe it was proper and authorized, under the facts. Their regular guardian was M. C. Shiner, to whom was devised the one-sixth interest of his children in the event of their death before reaching 21 years of age. He was interested, therefore, against J. D. and Walter Shiner, in obtaining for his children an advantageous allotment.

By the statute of 1870 (Paschal's Digest, 6973), it was expressly provided that the regular guardian was ineligible to represent his ward, if he was a party to the proceedings in his own right, or had an interest adverse to that of the ward. The existing statutes contain no such restriction. We believe, however, that, where the statute does not expressly declare a' guardian so circumstanced to be capable of defending the interest of the ward, the disqualification of being adversely interested should be recognized, on well-settled legal principles. Sandoval v. Rosser, 86 Texas, 685.

This being so, the court properly regarded him as not entitled to defend for these minors, and treated the case as one requiring a guardian

ad litem for them. The guardian so appointed was authorized to take the appeal, and the case is properly here for revision.

We may state another reason why the guardian of their estate was not properly their representative in this suit, which is that under the terms of the will he was not their guardian with reference to their shares of this estate. The will clearly provides that, after their portions shall have been designated, the executors should hold and control the same until distribution after the children had, respectively, reached majority.

The next matter to be considered is the appellate jurisdiction of the District Court. It is claimed by appellants that the transcript from the County Court shows no appeal bond, and that no such bond was in fact given. The statute does not require the bond to be in the transcript, and we would not look there for it. The original bond or affidavit is required to be filed in the District Court, together with the transcript. The case was tried in the District Court without question touching the bond, and the point is made in this court for the first time. The judgment refers to an appeal bond, and makes an adjudication thereon. The question of whether or not the failure of the record to disclose the appeal bond would necessitate holding on appeal that the lower court did not have jurisdiction has been considered, and decided against the position taken. Heath v. Garrett, 50 Texas, 264.

The question of jurisdiction of the County Court, under this will, to entertain the application for partition and settle the accounts of the executors, has been settled in favor of the jurisdiction by the Supreme Court's answer to a certified question in this case. 38 S. W. Rep., 1126.

It was therefore competent for the court to provide for the payment to the executors of any sum found due them from the estate by reason of their administration. The manner in which this was done was to incumber the share of each (except that allotted to the children of J. V. Shiner) with an aliquot share of what was ascertained to be due. The portion of this sum which the share of these children was adjudged to contribute was not made a charge on their share, but a certain portion of the property composing this allotment, determined to be of the value of their contributive share of the expenses, was decreed to the executors, with which to pay same. The third assignment of error is that appellants' share of the estate could not be charged with the payment of debts. The assignment is not well taken.

While upon this subject, we may dispose of the fifteenth assignment, which is that the verdict of the jury is uncertain, and no final judgment can be entered thereon, for this: that the verdict does not designate what four acres out of the S. E. ¼, lot 6, range 1, district 7, nor what particular 3⅕ acres joining the above tract on the north, are to be taken for the payment of debts and charges. The statement indicates the ground of objection to be that the verdict did not sufficiently identify the land so reserved from the minors' share.

We are also of opinion that this assignment is, in part, well taken. The verdict refers to the partition made by Gibbs, Page, and Menger, commissioners, and to the property by them partitioned. It does not describe the property allotted to each, except by reference to the report of said commissioners. This report is entitled to be looked to in aid of the verdict, because referred to therein. If this were not so, it might be contended that the court could not properly have allotted shares to any of the heirs. To that report there is annexed a plat of the city tract, and it appears from that report, and the plat, which is a part of it, that lot No. 6, range 1, district 7, was in parallelogram form, containing 49.42 acres.

There was allotted to the children of J. V. Shiner the S. E. $\frac{1}{4}$ of lot 6, range 1, district 7, containing 12.35 acres. This S. E. $\frac{1}{4}$ of the entire lot is a definite and certain designation. Appellants do not object to this allotment being indefinite, but do contend that the portions deducted therefrom are not ascertainable. The verdict says, "4 acres, south part of S. E. $\frac{1}{4}$, lot 6, range 1, Dist. 7." This means the south four acres of the 12.35 acres that were allotted to them, and is as ascertainable as the original allotment of the 12.35 acres itself.

The verdict further excepts $3\frac{1}{5}$ acres joining above tract on north, S. E. $\frac{1}{4}$, lot 6, range 1, district 7. This is uncertain. It cannot be determined from the verdict, or from anything referred to by it, how this $3\frac{1}{5}$ acres should be taken. It might have been a strip between parallel lines immediately on the north of the four acres, or it might be in some other form, and still adjoin the four acres on the north. It does not afford sufficient basis for a judgment in respect to the $3\frac{1}{5}$ acres, and it was not proper for the court to refer to the testimony in aid of it. The judgment, however, is as uncertain as the verdict. The children of J. V. Shiner would not know what was left to them in the tract, clear of the executors' claim, unless the $3\frac{1}{5}$ acres should be defined.

There is no merit in the fourth assignment. It appears that leave was given the executors, before the jury was impaneled, to file their additional or supplemental account; and of this the defendant could not well complain, except for surprise. The fifth assignment is that, in this connection, a continuance was asked, and should have been allowed, on the ground of surprise. The items included in the supplemental account were items of the same nature as those found in the previous account, and were a continuation thereof, such as certain feed bills, of insignificant amounts, and the salary of a manager. The same evidence that would have attacked the original items, of which the guardian had ample notice, would have been applicable to these items, and therefore there was no error in refusing the continuance.

On appeal to the District Court the other children of J. V. Shiner were joined as parties. This is the subject of complaint by appellant on behalf of appellants. The trial in the District Court was de novo, and it was proper in that court to make necessary parties, which these new parties clearly were. They were children of J. V. Shiner by a

second wife, and entitled, under the will, to share in the one-sixth devised to his children. Therefore the sixth assignment is overruled.

The eighth assignment objects to the court having permitted the executors to file a pleading styled "Trial Amendment of Executors," because coming too late; having been filed after the evidence was closed, and operating as a surprise to the guardian. The bill of exceptions copies the pleading, which sets forth that the guardian was complaining of the charging of each share with a pro rata of the expense account, and insisting that there should be set aside to the executors an amount of property sufficient in value to cover the expenses; and, in view of such contention, the pleading asked that such rule be adopted in reference to the share of the heirs of J. V. Shiner, and that so much of their property as would, in value, amount to their share of the expenses, be set aside to the executors to cover same, and that the remainder be given to said heirs. If the amendment was filed for the purpose of meeting the contention or desire of the guardian in reference to the decree so far as it affected the interest he represented,—and this was the case, so the bill indicates,—it would not be ground for reversal at his instance.

The ninth, tenth, eleventh and twelfth assignments are not entitled to be considered. There is no statement or other matter given in connection with them to show wherein the charges were not correct.

There is nothing in the seventeenth assignment. The will provided that the one-sixth pertaining to the children of J. V. Shiner should remain in the hands of the executors, subject to sale or other disposition by them; a portion to be delivered to each child then or thereafter born, upon attaining the age of 21 years. It was therefore proper that in the partition had in this proceeding the sixth belonging to these heirs should remain undivided, and not adjudged to any particular children.

The question arises, is it necessary, for the error pointed out, that the judgment should be remanded, in order to have the jury designate by verdict an amount of land out of the sixth apportioned to the children of J. V. Shiner, to be set aside to the executors, out of which to pay them what was found to be due them from said share? The verdict divides the estate into six parts, and accomplishes the partition. It ascertains what is due the executors from the estate, and, as to every share except that of appellants, a sixth of said debt is made a charge thereon in favor of the executors.

In reference to the children of J. V. Shiner a different course was taken. Not only were they charged with a sixth of the debt due by the estate to the executors, but a further sum was awarded the executors against them for advancements. We think this last named adjudication was foreign to the proceeding for partition. The will provides for advancement to the minors by the executors as trustees, and this is a matter connected solely with that trust, under the terms of the will, and the County Court had no power to adjudicate matters connected with the trust.

Our opinion is that the proper judgment, in reference to these minors, is to establish the one-sixth of the debt due the executors from the estate as a claim against their allotment.    The verdict, as rendered, defines the share of lands allotted to these minors, and their proportion of the executors' claim, and these facts furnish the basis for a proper judgment with reference to them.    We conclude, it is not necessary to remand the cause for further proceedings.

The judgment will be affirmed in all things, except in the matters pertaining to said minors, as above indicated, and in this respect the judgment will be reformed.

*Reformed and affirmed.*

### ON REHEARING.

In our opinion in this case the following clause appears: "They were children of J. V. Shiner by a second wife, and entitled, under the will, to share in the one-sixth devised to his children." It was not and is not our intention to adjudicate the right of said children to an interest in the property.    The question was not involved.    The partition was accomplished by defining the sixth going to his children, to remain in the hands of the executors, as trustees; and the right to distributive shares therein is a question that does not now arise.

The District Court did not, in point of fact, undertake to partition the estate without, in connection therewith, hearing and auditing the account of the executors.    The objection to the manner of doing this is made here for the first time.

The sixth ground for rehearing, if at all meritorious, is disposed of in the judgment of this court reforming the judgment of the District Court.

We believe the other grounds need no discussion.

Overruled.

*Rehearing denied.*

May 5, 1897.

Writ of error denied.