Robert M. Tison, Independent Executor, v. Lulu B. Gass et al.

Decided May 9, 1906.

**Independent Executor—Appeal Bond Necessary—When.**

An appeal bond is necessary by one who, when sued in his individual capacity and as independent executor and as beneficiary under the will, defends in his individual capacity alone, and against whom judgment is rendered personally.

Appeal from the District Court of Brazoria. Tried below before Hon. Wells Thompson.

No briefs for either party.

On motion to dismiss appeal.

NEILL, ASSOCIATE JUSTICE.—Lula B. Gass, a widow, brought this suit against Robert M. Tison, in his individual capacity and as independent executor of James W. Tison, deceased, and as beneficiary under said will in possession of the estate thereby bequeathed; and, also, against Annie E. Ransdell, joined by her husband, S. Y. Ransdell. Pending the suit, the plaintiff Lula B. Gass married T. E. Russell, who, by an amended original petition, was made a party plaintiff, and joined with his wife in the prosecution of the suit.

The purpose of the action was to establish a claim against the property of the estate of James W. Tison, deceased, in the possession of Robert M. Tison, held by him either as independent executor of said estate or individually—the claim being that the testator had invested certain funds of the separate estate of his wife, who was the mother of plaintiff, in the property held by defendant as his estate—and for a partition of the plaintiff's interest of her deceased mother's community property in the estate of James W. Tison and herself, which property was alleged to be in defendant's possession and claimed by him.

The defendant Robert M. Tison answered individually, but not in his representative capacity as independent executor. Indeed, it was "admitted" on the trial "by counsel for both parties that the will had been duly filed and probated; that the defendant Robert M. Tison had duly qualified and filed an inventory and appraisement, which had been approved by the Probate Court; that an order had been made and entered in the minutes of the Probate Court ordering the same to be dropped from the docket, and that it (the matter probate), had been dropped therefrom; and that the defendant Robert M. Tison has since been and is now claiming the property described in said inventory (which is the subject-matter of this suit), as his own by reason of said will, subject to the debts of the estate of J. W. Tison, deceased."

The judgment rendered, after stating the appearance of the plaintiffs, recites: "and the defendant, Robert M. Tison, appeared in person and also by his attorneys and announced ready for trial." Then, after stating, "the court is of the opinion that the questions of law and fact are with the plaintiffs," it proceeds as follows: "It is therefore ordered. adjudged and decreed by the court, that the plaintiffs, Mrs. T. E. Russell, joined by her husband, T. E. Russell, do have and recover of and from the defendant Robert M. Tison, and out of the property hereinafter described, the sum of fourteen hundred and twenty-five ($1425) dollars, with interest," etc. It then describes the property out of which the judgment is to be satisfied, and then states, "no judgment is rendered against Robert M. Tison personally except as to his interest in the property above described, and, after the execution against the above, orders no further amount shall be collected of said Robert M. Tison by reason of this judgment."

After the judgment appears the following entry and order: "To which judgment of the court defendant in open court excepts and gives notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas, at Galveston, Texas, and twenty days after adjournment of court are allowed defendant Robert M. Tison in which to file statement of facts and bills of exception."

The assignments of error, after stating the style and number of the case, are premised as follows: "Now comes the defendant Robert M. Tison, for himself and as independent executor of the estate of James W. Tison, deceased, and files the following assignments of error."

No appeal bond has been filed in the case; but appellant seeks to prosecute an appeal without bond as independent executor.

The grounds upon which this motion to dismiss is based are as follows: "Robert M. Tison, having failed to allege that he was defending in the court below as independent executor; but, on the contrary, admitted that he was not acting in such capacity, having taken no bills of exception at the trial to the judgment in the capacity of independent executor, nor having given notice of appeal as such executor, nor having asked twenty days after adjournment in which to prepare and file a statement of facts and bills of exception, he can not, now, by merely styling himself 'Independent Executor,' maintain this appeal—he, having given no appeal bond, and coming under none of the exceptions of the statute requiring bond, has failed to perfect his appeal."

It is apparent from the matters above stated from the record that the judgment sought to be appealed from is not against Robert M. Tison in his capacity of independent executor of the estate of James W. Tison, deceased; but that it is a judgment against him personally, restricted in its satisfaction to specific property, received by him and in his possession, formerly of the estate of the decedent, but now owned and claimed by him in his individual capacity; and that every step taken towards an appeal from the judgment, up to the time of filing the assignments of error, was taken by him as an individual and not as the executor of the testator's estate.

The defendant not having appealed in his capacity of independent executor from the judgment of the District Court, was required by articles 1400, 1401, 1402 and 1408 of Revised Statutes to give bond, or make affidavit in lieu thereof, as other appellants. (Logan v. Gay, 15 Texas Ct. Rep., 304.) Therefore, the motion is granted and the appeal dismissed.

<em>Dismissed.</em>