REEVES v. FUQUA.    (No. 937.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 2, 1916.)

1. APPEAL AND ERROR ☞939 — RECORD — OMISSIONS BY AGREEMENT—PRESUMPTION.

A motion to dismiss an appeal from the district court in a proceeding brought in the probate court will be overruled, though the transcript in the Court of Civil Appeals fails to show any regularly certified transcript from the county probate court certified to by the clerk in the record, or any file marks made on any proceedings from the probate court by the clerk of the district court, where the district court's jurisdiction was not questioned in that court and the appeal bond from the county probate court and notice of appeal therefrom are shown by the record, and the certificate of the clerk of the district court appended to the transcript states that it contains a true and correct copy of all the proceedings requested and agreed upon in the cause; the presumption being, in view of Rev. Civ. St. § 2111, providing that the parties may direct the clerk by agreement to omit from the transcript designated portions of the proceedings, that the omissions were pursuant to an agreement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3804–3806; Dec. Dig. ☞939.]

2. APPEAL AND ERROR ☞795—MOTION TO DISMISS—WAIVER OF OBJECTION.

Where a motion to dismiss an appeal from the district court in a proceeding brought in the probate court does not complain that the file marks of the district clerk are not noted on the transcript, and that a certificate of the clerk of probate court that certain proceedings were had in that court is lacking, such omissions will be deemed waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3142, 3143, 3145; Dec. Dig. ☞795.]

3. APPEAL AND ERROR ☞911—JURISDICTION OF DISTRICT COURT—PRESUMPTION.

Where the record does not affirmatively show want of jurisdiction in the trial court, such jurisdiction will be presumed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3682–3688; Dec. Dig. ☞911.]

4. APPEAL AND ERROR ☞621 — FILING OF TRANSCRIPT—TIME—APPEAL BOND—NOTICE OF APPEAL.

One who, on behalf of herself and children, contested a petition to foreclose a lien against the estate of her deceased husband of which she was administratrix, and alleged in her answer, by which she sought to avoid her allowance as administratrix of petitioner's claim by setting up that her appointment as administratrix was void, was defending in her individual capacity, and not in her representative capacity; and hence, since under Rev. Civ. St. art. 3633, otherwise than would have been the case under article 2106, had she contested foreclosure as administratrix, she would be required to give an appeal bond to perfect an appeal from district court, a transcript filed in the Court of Civil Appeals within 90 days after the filing of her appeal bond was filed in time, though more than 90 days had transpired since she gave a notice of appeal, wherein she erroneously stated that she appealed as administratrix as well as in her individual capacity.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2724–2731; Dec. Dig. ☞621.]

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Petition filed by W. H. Fuqua in administration proceedings on the estate of O. T. Reeves, of which Mrs. Minnie Reeves was administratrix, to foreclose a lien. From a judgment foreclosing the lien Mrs. Reeves appealed to the district court, and from the judgment of the district court, she appeals to the Court of Civil Appeals, and Fuqua moves to dismiss the appeal. Motion overruled.

W. W. Kirk, R. M. Ellerd, and Mathes & Williams, all of Plainview, and Ocie Speer, of Ft. Worth, for appellant. Madden, Trulove, Ryburn & Pipkin and W. H. Kimbrough, all of Amarillo, and Graham & Graham, of Plainview, for appellee.

HUFF, C. J. This is an appeal from the district court of Hale county. The appellee moves to dismiss the appeal on two grounds: First, because the record fails to show that the district court had acquired jurisdiction on appeal from the county probate court of that county, this case having originated in administration proceedings in that court; second, that the record was not filed in this court within the time required by law. A petition was filed by appellee in the probate court of Hale county, in administration proceedings upon the estate of O. T. Reeves, deceased, in which appellant, Mrs. Minnie Reeves, was appointed administratrix of the estate of her deceased husband. The petition set out the execution of certain notes, which amount to a large sum, by O. T. Reeves, in his lifetime, and who executed deeds of trust on certain real estate to secure the indebtedness; that the claim had been presented to the administratrix for allowance, which she did, and which allowance was duly approved by the judge of the probate court. Appellee prayed therein for an order foreclosing the lien and for a sale of the property thereunder. The appellant filed an answer, contesting this petition for herself personally and as mother and next friend for five children, being the children of herself and deceased husband, styling herself through the answer as respondent. This answer contested the right to foreclose the lien prayed for. In this answer she sets up that part of the property upon which the lien was sought to be foreclosed was her separate property; that the orders appointing her administratrix were void; that the claims were not properly allowed and ordered paid, and that the orders so authorizing were void; and that her approval of the claims was procured by fraud. The judge of the county probate court sustained exceptions presented by Fuqua to appellant's answer in that court, and rendered judgment foreclosing the lien, as prayed for. To this action of the court Mrs. Reeves, as administratrix of the estate of O. T. Reeves, deceased, in open court gave notice of appeal from the judgment of the court therein that day rendered, which was the 16th of June,

1915, and also in a separate order gave notice of appeal as respondent, the capacity in which she answered, excepting to the judgment and appealing therefrom. She also gave an appeal bond, by herself as principal, as required by law in appeals from probate court to district court. This bond is indorsed, "Approved and filed June 28, 1915," by the clerk of the county court.

[1] The transcript in this court shows the file marks on appellee's petition to be November 7, 1914, by B. H. Towery, clerk of the county court of Hale county. The second amended answer of Mrs. Reeves was filed June 16, 1915, by the same officer, and the same file mark is on the supplemental petition and the supplemental answer. There appears to be no regularly certified transcript from the county probate court, certified to by the clerk in this record, or any file mark shown by this record to have been made on any of the proceedings from that court by the clerk of the district court, from which this appeal is prosecuted. There is an indorsement on the order giving notice of appeal to the district court, made by the presiding judge, and a notation following thereon, recorded June 19, 1915, recorded in volume 2, p. 607, etc., of the probate minutes of Hale county. The order of the county court fixes the bond of appellant at $1,000, directing that the order be recorded, signed by the judge. There is a notation indorsed on it, "Recorded June 19, 1915." This last order, fixing the bond, is part of the order in which appellant gave notice of appeal to the district court as respondent. The certificate appended to the transcript in this court is as follows:

"I, B. H. Towery, clerk of the district court in and for Hale county, Texas, do hereby certify that the above and foregoing pages 1 to 141, inclusive, contain a true and correct copy of all the proceedings requested and agreed upon in the above entitled and numbered cause, in the district court of Hale county, Texas."

The transcript was filed in this court December 14, 1915, and the proceedings above set out are included within the pages given in the above certificate. The motion to dismiss the appeal was filed January 11, 1916. If the transcript is otherwise sufficient, we think it is sufficiently shown that the notice of appeal was entered of record in the probate court. The certificate of the clerk to the transcript is not in accordance with article 2109, Revised Civil Statutes, but no objection is made on that ground. Article 2111 provides that parties may direct the clerk, in making up the transcript for the appellate court, by agreement to omit therefrom any designated portion of the proceedings. The clerk certifies in this case that the transcript contains a true and correct copy of the proceedings "requested and agreed upon," which, while not complying with the first article of the statutes cited, may yet be sufficient to show, under article 2111, that it contained all the proceedings deemed material by the parties under an

agreement. There is no objection to the transcript that it does not contain the agreement of the parties approved by the trial judge. In the absence of such objection, we believe we are authorized to presume the certificate states the truth. If the parties did not regard a transcript duly certified from the county court material to a disposition of this case, we may look to the transcript as made, we think, to ascertain whether the trial court had jurisdiction by appeal. The effect of the clerk's certificate is that the 141 pages contain the correct proceedings as agreed to by the parties material to the disposition of this case, and which are a part of the record in that case in the district court of Hale county. Articles 3635 and 3637 require, upon the filing of the appeal bond in the probate court, the clerk to make out a duly certified copy of the proceedings in that court, and when so filed in the district court the case should be placed on the docket and numbered.

[2] The judgment and decrees are in this court, purporting to have been rendered by the probate court. The only thing lacking is the file marks of the district clerk, noted on the transcript, in this court, as required by the rules, and the omission of a certificate by the clerk of the probate court that such proceedings were had in that court. This omission is not part of the motion to dismiss, and it will be presumed waived by the appellee. The certificate of the clerk is sufficient to show they are the records of the district court and properly archives of his office and by agreement of parties are all that was deemed by them material to a proper disposition of the case. It appearing therefrom that these various papers are properly part of the record of the district court, from which this appeal is taken, we think they should be looked to for the purpose of ascertaining that court's jurisdiction, an inspection of which sufficiently shows the district court had jurisdiction of the case. The appeal bond from the county court to the district court is in the record on this appeal. There is nothing in this case to show that the jurisdiction of the district court was called in question in that court by appellee, and the jurisdiction is not questioned here further than that the transcript does not show such jurisdiction. In the absence of such question being made in the trial court, the presumption is that that court had jurisdiction, and that such matters were omitted in the record here; and this is strengthened by the clerk's certificate, to the effect that they were so omitted by agreement. Heath v. Garrett, 50 Tex. 264; Lindemann v. Dubossy, 107 S. W. 111; Shiner v. Shiner, 15 Tex. Civ. App. 666, 40 S. W. 439, 440. The Supreme Court, in effect we think, recently approved the Heath and Shiner Cases, supra, in Wells v. Driskell, 105 Tex. 77, 145 S. W. 335, and in some measure dis-

tinguishes the appeals from probate and justice courts from each other.

[3] The original papers are required to be sent up to the district court, and the appeal bond is in this transcript as executed by respondent, in an amount the correctness of which is not questioned, and ostensibly for the sum fixed by the probate court. The transcript shows the order fixing the amount of the bond was recorded. The presumption, we believe, is in favor of the trial court's jurisdiction, and there is nothing in this record impeaching that presumption.

[4] On the second ground, to dismiss the appeal in the court because the transcript was not filed within 90 days after the appeal was perfected, the record shows that the appellant's motion for new trial was overruled in the district court September 9, 1915. In the order overruling the motion the appellant excepted to the action of the court and gave notice of appeal as administratrix, and also for herself and as next friend for her children. The district court adjourned September 11, 1915. The appellant gave the cost bond for appeal for herself, which was approved and filed in the district court September 24, 1915. The record was filed in this court December 14, 1915. Counting the time from the filing of the bond, it was filed in this court in less than 90 days; counting from the time the motion for new trial was overruled it was filed here within 96 days.

It is contended by appellee that the appeal was perfected on September 9, 1915, when the motion for new trial was overruled and notice of appeal given. It is contended that Mrs. Reeves, as administratrix, gave notice of appeal, and that this was all that was required to perfect the appeal; that this notice superseded the judgment in the district court. We think her action to set aside the orders in the county court, appointing her administratrix, as alleged by her, was void, and thereby releases the administration; was an action personal to herself and children, who were interested in the property. Her bondsmen on her administration bond would not be liable for the cost in such action brought by her in such a suit. She did not institute a suit in the county court to foreclose the lien. She contested the petition, so praying, not as administratrix, but for herself personally and as next friend for her children. In such action we do not think she was acting in her representative capacity. Such action being personal on her part, and as such she would be required to give an appeal bond in order to perfect her appeal. Articles 2106, 3633, Revised Civil Statutes. If she had contested foreclosure as administratrix, then she could appeal without bond. While notice of appeal is noted as having been given in her representative capacity, she also gave notice of appeal for herself personally and for her children. We think that she had no right as administratrix to appeal, for as such the administratrix did not contest the administration proceedings. The case cited by appellee (Erwin v. Erwin, 61 S. W. 159) we do not think applicable to the facts of this case. The recitation of notice of appeal by the administratrix should be treated as surplusage. It should have no more effect than a notice given by any other person not a party to the proceedings. The appeal is from the action of the court in refusing to grant her prayer as a person and not as a representative of the estate. This, being personal to herself and children, required an appeal bond, and the appeal was perfected upon the date of the filing of the bond. Holman v. Klatt, 34 Tex. Civ. App. 506, 78 S. W. 1088; Smithwick v. Kelly, 79 Tex. 564, 15 S. W. 486; Hicks v. Oliver, 26 S. W. 641; Pryor v. Krause, 150 S. W. 972; Tison v. Gass, 43 Tex. Civ. App. 178, 94 S. W. 376.

We will not discuss the affidavits with reference to diligence or failure of diligence, in preparing the record filed in this court, as presented by the respective parties.

For the reasons above stated, the motion to dismiss will be overruled.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes