KIDD et al. v. PRINCE et al. (No. 98–2927.)

(Commission of Appeals of Texas, Section B. Nov. 12, 1919.)

GUARDIAN AND WARD ⬥117 — ACTION BY GUARDIAN AGAINST WARD.

A father, guardian of his three minor children, could not maintain suit against them to divest them of their interest in certain real property; the prosecution of such suit being incompatible with the relation of trust and confidence between him and his wards.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by Betty Kidd and others against E. B. Prince and others. From judgment of dismissal, plaintiffs appealed to the Court of Civil Appeals, which affirmed (182 S. W. 725), and plaintiffs bring error. Judgments of the Court of Civil Appeals and district court reversed, and cause remanded for new trial, on recommendation of the Commission of Appeals.

J. L. Gammon, of Waxahachie, and Brooks & Worsham, of Dallas, for plaintiffs in error.

Farrar & McRae, of Waxahachie, for defendants in error.

McCLENDON, J. Betty Kidd and husband and the State Bank & Trust Company of Waxahachie, as guardian of the estate of Manning Thornhill, a minor, as plaintiffs, brought this suit in the district court of Ellis county against E. B. Prince, as executor of the estate of B. F. Thornhill, deceased, Mrs. Kate Thornhill, as sole legatee and devisee under said will, and Sterling Spaulding, as guardian of the estate of Frankie Thornhill, a minor, to set aside a judgment in cause No. 6824 of the district court of Ellis county, in which B. F. Thornhill, deceased, was

vested with the title to the interest of his four children, including plaintiffs, in certain real estate in Ellis county, and to remove the cloud from said title created by said judgment, and for partition of said property. The trial court sustained a general demurrer and special exceptions to plaintiffs' petition, and, the latter declining to amend, the cause was dismissed. The Court of Civil Appeals, Fifth District, affirmed the judgment. 182 S. W. 725.

The pleadings present the following facts upon which the relief sought by plaintiffs is predicated:

Mrs. Sue Thornhill died intestate in 1898, leaving as her sole heirs at law, B. F. Thornhill, her husband, Alice, Betty, Frankie, and Manning Thornhill, children of herself and B. F. Thornhill, and Mary and Johnnie Lancaster, children by a former marriage. Mary Lancaster afterwards married one Hammett. In 1898 B. F. Thornhill qualified as guardian of his four children, and as part of their estate inventoried 28/68 undivided interest in the property in question, which appears to have been the homestead of himself and Sue Thornhill, and a part, if not all, of their community estate. At some subsequent date, not given, but evidently prior to the death of Alice Thornhill in 1904, a judgment was rendered in a partition suit brought by the Lancaster children against B. F. Thornhill and his four children, by which judgment it was decreed that the property in question belonged one-half to B. F. Thornhill, and one-twelfth each to the two Lancaster and four Thornhill children. Other property was involved in this suit, in which B. F. Thornhill appears to have had a life estate in one-third of one-half, and by agreement between the plaintiffs, Lancasters, and B. F. Thornhill, this life estate was divested out of Thornhill and vested in the Lancasters, and the Lancaster interest in the property in question was divested out of them and vested in Thornhill, leaving the interests in the property in question as follows: B. F. Thornhill, one-half plus two-sixths of one-half, and the four Thornhill children each one-sixth of one-half. After decreeing the interests aforesaid, the decree provides:

"And as to the homestead the court finds that the same is not subject to partition at this time, and that the defendants have and hold their interest therein as above found."

Some time in 1904 Alice Thornhill died. In February, 1905, B. F. Thornhill instituted cause No. 6824 against his three minor children, Betty, Frankie, and Manning, it appearing from the petition that he was then their guardian, to divest them of their interest in the property in question. In his petition in that suit, he set out the title of his three children as having been acquired by inheritance from their mother and deceased sister, Alice, and alleged that the interest of the Lancaster children was divested by the partition suit above mentioned. He alleged that since the death of his wife, Sue Thornhill, he had paid out more than $3,000 in community debts, and that under orders of the probate court he had paid out in excess of $500 for the support of his three minor children, and that their interest in the property was less in value than the amount he had paid for their support. A guardian ad litem of the three minors was appointed, and judgment was rendered divesting them of their interest in the property, and vesting it in B. F. Thornhill. B. F. Thornhill died testate; the defendant Prince being his executor, and the defendant Kate Thornhill his surviving wife and sole legatee.

We have reached the conclusion that B. F. Thornhill was without capacity to sue for the title to the land in question during the existence of the relation of guardian and ward. This conclusion is controlling in the disposition to be made of the case as presented in this court. It is a well-recognized doctrine at common law that a guardian cannot maintain an action against his ward pending the guardianship. Our investigation of this question shows that the authorities are uniformly in accord. In most of the decided cases the controversy appears to have arisen during the guardianship. In such cases it is clear that an action should not be maintainable on behalf of the guardian to establish a claim against his ward in any other court than that in which the guardianship is pending. But the incapacity of the guardian to maintain an action against his ward does not rest alone upon the ground that the guardianship court has exclusive jurisdiction of the subject-matter of the suit. While the cases are not numerous, we find the same principle applied to suits where the cause of action arose prior to the guardianship, in suits both for the establishment of claims and the recovery of property. The incapacity to sue arises from the nature of the relationship of the parties.

"In no relation, except perhaps that of parent and child or husband and wife, are the elements of confidence on one side, and active good faith on the other, more essential than in this." 12 R. C. L. 1169.

"That an action at common law cannot be maintained between a guardian and ward, while that relation exists, is clear. The character of the relation, the capacity in which the guardian acts, the duty to the ward's property (even if a guardian ad litem may be appointed where he is interested), forbid that he should occupy the distinct adverse position of suitor at law, especially as to transactions accruing since the guardianship commenced." 12 R. C. L. 1148; McLane v. Curran, 133 Mass. 531, 43 Am. Rep. 535.

"A guardian cannot maintain an action at law against the ward pending the guardianship.". 21 Cyc. 186, and note 35.

While we have been able to find no case in Texas where the question was directly involved, these principles have been recognized by our Supreme Court. In Iturri v. Whitehead, 22 Tex. 556, a suit was brought for a one-third life interest in certain real estate, and a third interest in the rents and profits thereof, against certain minors. Pending the suit, the plaintiff was appointed guardian of the defendants. Chief Justice Wheeler in the course of his opinion says:

"It would seem, on general principles, that, after it was made apparent to the court that the plaintiff had been appointed guardian of the defendants, the suit ought to have been dismissed. But as this point has not been noticed by counsel in argument, it need not now be decided."

The cause was reversed on other grounds. In Sandoval v. Rosser, 86 Tex. 682, 26 S. W. 933, opinion by Judge Brown, the court, after quoting the above from Iturri v. Whitehead, say:

"This is the annunciation of the principle of right, that courts must recognize and enforce, that one who occupies a trust relation shall not use the authority given him by law or contract to the abuse of the trust. This principle applies with peculiar force, and appeals to courts with greater emphasis in cases between minors and their guardians."

The case of Shiner v. Shiner, 15 Tex. Civ. App. 666, 40 S. W. 439, is cited by the Court of Civil Appeals as authority for the right of a guardian to maintain an action of this character against his ward, pending the guardianship. The question there was not the right of a guardian to maintain an action against his wards, but the power of the trial court to appoint a guardian ad litem is a suit in which the wards and their guardian were parties defendant; their interests being adverse. We can see no analogy between the principles involved in that case and those in the present, where the guardian was permitted to maintain an action against his wards.

This being a direct attack upon the judgment in cause No. 6324, we are of opinion that the general demurrer was improperly sustained.

We therefore conclude that the judgment of the Court of Civil Appeals and district court should be reversed, and the cause remanded to the district court for a new trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.