## LEACH v. LEACH. (No. 2296.)

(Court of Civil Appeals of Texas. Texarkana. June 19, 1920. Rehearing Denied June 24, 1920.)

1. **Appeal and error** ⊂⟹190(3)—**Objection to appointment of receiver not timely.**

In partition suit, where, on November 22, a receiver was appointed at plaintiff's instance to take possession of the property, and no objection was then made to the order, nor was any appeal prosecuted from it, and the case was not tried on its merits until January 20th of the following year, complaint, on appeal, concerning the receiver's appointment, came too late, in view of Rev. St. art. 2079.

2. **Appeal and error** ⊂⟹880(3)—**Appellant could not object that court disposed of interests of nonappealing defendants.**

In partition suit, the sole appealing defendant could not object to the action of the court in disposing of the interest of minor defendants, on the ground that they were not properly within the court's jurisdiction, as such questions could be raised by him only if he had a right to and did appeal as representative of the minors.

3. **Infants** ⊂⟹78(4)—**Guardian ad litem properly appointed, where father's interest conflicted with that of minors.**

In partition suit against father and his minor children, where there was a clear conflict between the father's interest and that of the minors, a guardian ad litem was properly appointed for the latter.

4. **Trial** ⊂⟹392(1)—**In absence of request, failure to submit issue not error.**

Where there was no request for the submission to the jury of an issue, there was no error in withholding it from the jury.

5. **Homestead** ⊂⟹84—**Appointment of receiver of property in which a defendant owned a homestead not error.**

In partition suit, the court was not deprived of authority to appoint a receiver to take charge of the property pending suit by the fact that one of the defendants owned a homestead interest in his half of the property, as the homestead rights of one cotenant in the common property are not superior to the rights and legal remedies of the other joint owners.

6. **Husband and wife** ⊂⟹274(3)—**Heirs of community property take it subject to charges against it.**

Where, on wife's death, her children inherited her interest in the community property, their heritage was incumbered with whatever part of the purchase price remained unpaid, and they could claim reimbursement from their father of only one-half of the excess contributed by them in payment of the purchase price after their mother's death.

7. **Appeal and error** ⊂⟹750(8)—**Assignment of error held not to present question for review.**

In partition suit, error, if any, in charging surviving husband with the entire sum taken by him from the separate funds of his children and

applied on the purchase price of community property, his deceased wife's share in which was inherited by his children, could not be reviewed on an assignment of error alleging error, in that the judgment was contrary to law in fixing a lien on his homestead in their favor to secure such sum, instead of determining their interest in said property in amount.

**8. Appeal and error ⬤═▷1073(1)—Appellant cannot complain of the form of judgment without showing prejudice.**

In partition suit, where there was nothing in the record to indicate that appellant would have fared any better, had the court enlarged the interest of others in the property, instead of awarding them a money judgment, made a charge against his interest, he could not complain.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Suit by E. H. Leach against M. W. Leach and others. From judgment for plaintiff, the named defendant appeals. Affirmed.

F. B. Martin, of Longview, for appellant.
Cary M. Abney and Wm. F. Young, both of Marshall, for appellee.

HODGES, J. The appellee, E. H. Leach, filed this suit for a partition of what is described as a lot 120 by 56 feet situated in the city of Marshall, Tex. He claimed an undivided half interest. He alleged that the appellant, M. W. Leach, owned an undivided one-fourth interest, and the remainder was owned jointly by appellant's three minor children. The appellee further alleged that the appellant had taken the exclusive possession of the property, and was collecting and appropriating the rents to his own use. He prayed for the appointment of a receiver to collect the rents during the pendency of the suit, and that the property be sold and the proceeds divided among the joint owners according to their respective interests.

Appellant answered, for himself and as guardian for his minor children, by a general denial. He specially pleaded, also, that the basis of the appellee's claim of title, though in the form of an absolute deed, was only a mortgage given to secure a debt; that at the time of its execution the property was the homestead of the appellant and his family, and for that reason the conveyance was void. The court, having concluded that the appellant's interest in the suit was adverse to that of his minor children, appointed a guardian ad litem to represent them. The guardian ad litem filed an answer for the minors, in which he alleged that each of them owned an undivided one-sixth interest in the property; that they had inherited from their deceased mother $355, which the appellant had used in part payment of the purchase price; and asked that the minors be awarded an additional interest in the land, proportioned according to the ratio of $355 to the original purchase price of the lot.

[1] On November 22, 1919, a receiver was appointed at the instance of the plaintiff in the suit, authorized to take possession of the property, preserve it during the pendency of this suit, and collect the rents as they accrued. It was provided in the order that the occupancy of the appellant should not be disturbed. No objection was then made to that order, nor was any appeal prosecuted from it. The case was not tried on its merits till January 20 of the following year. The complaint concerning the appointment of the receiver, even if sound, comes too late. Rev. Civ. Stat. art. 2079.

As evidence of his title the appellee relied upon a warranty deed executed by the appellant and his wife in January, 1912, purporting to convey an undivided half interest in the property. This deed recited the cash payment of $553.88 and the assumption by the grantee of one-half of the balance due for the original purchase price. The court submitted to a jury the issue as to the character of this conveyance—whether it was a conveyance or a mortgage. The jury found that it was what it purported to be, a conveyance of an undivided half interest in the property, and was not intended as a mortgage. The remaining issues were determined by the court.

A judgment was rendered, directing the sale of the property and a partition of the proceeds among the joint owners as follows: One-half to the appellee, one-fourth to the appellant, and one-sixth to each of the minor defendants. It further directed that the sum of $355, and interest thereon, be made a charge against appellant's interest in the proceeds, in favor of his minor children, for the purpose of reimbursing them for the money belonging to their estate, used in part payment for the property.

[2, 3] M. W. Leach has appealed for himself alone. In his brief he assigned as error the action of the court in disposing of the interest of the minors, upon the ground that they were not properly within the jurisdiction of the court. Those questions cannot be raised by the appellant, unless he had a right to and did appeal as the representative of the minors. This he had not done. We are further of the opinion that, even had he perfected such an appeal, the assignments should be overruled. There being a clear conflict between appellant's interest and that of his children, the court properly appointed a guardian ad litem for the minors. Shiner v. Shiner, 15 Tex. Civ. App. 666, 40 S. W. 439; Kidd v. Prince (Com. App.) 215 S. W. 844. The record shows that the children had been personally cited and were properly before the court for all the purposes of this

---

case. Kremer v. Haynie, 67 Tex. 450, 3 S. W. 676.

There was ample evidence to support the finding of the jury that the deed relied on by the appellee was what it purported to be, a conveyance of an undivided half interest in the title.

[4] Appellant claims that the appellee had failed to pay that portion of the original purchase price assumed by him as a part of the consideration for the conveyance. Upon that issue the evidence was conflicting, and the finding of the court cannot be disturbed on appeal. Complaint is made of the failure of the court to submit that issue to the jury. It is sufficient to say that there was no request for such submission, and there was no error in withholding it from the jury.

[5] It is contended that the appellant owned a homestead interest in his half of the property, and that the court was without authority to appoint a receiver to take charge of the property pending the suit for partition. The homestead rights of one cotenant in the common property are not superior to the rights and legal remedies of the other joint owners. Clements v. Lacy, 51 Tex. 150. The objection is untenable.

[6] Appellant testified that the lot in controversy was acquired by him during the lifetime of his first wife, who was the mother of his minor children, defendants in this suit, and that the interest now claimed by them was inherited from her. He also testified that at the time of her death a portion of the purchase money was unpaid, and that he had used $355 of money belonging exclusively to his children in part payment of that debt. How much of that balance, if any, was paid from his separate property, is not made clear. Upon the death of the mother the heritage passed to the children, incumbered with whatever part of the purchase price remained unpaid. While the appellant alone may have been personally obligated for its payment, the interest of the children in the lot was equally bound. They could not require the appellant to discharge a common burden with his own separate means, and then claim a right to share equally with him the property thus redeemed, without reinbursing him to the extent of one-half of the debt he thus discharged. The rule is the same when the funds are taken from the separate property of the children. But they can now claim

223 S.W.—19

reimbursement for only one-half of the excess contributed by them in payment of the purchase price after the death of their mother.

As the record stands, it appears that the court probably erred in charging the appellant with the entire sum taken by him from the separate funds of the children and applied on the purchase price. That, however, is a matter which concerns only the appellant and his children. The debt which he paid was no part of that which the appellee had assumed, according to the findings of the court. As between the joint owners appellee was under no legal obligation to pay any part of it, and his interest passed free from the equitable charge in favor of the children.

[7, 8] But we are of the opinion that this court is not now called upon to revise the error indicated, because of the absence of any appropriate complaint by the appellant. The only assignment which could be treated as in any manner presenting that question is as follows:

"Because the judgment is contrary to law in fixing a lien on homestead of the defendant in favor of other defendants to secure the sum of $355, instead of determining their interest in said property in amount."

The proposition under this assignment is as follows:

"The minor defendants had paid-up title in the land to the extent of $355."

In the oral argument made before us by appellant's counsel, no complaint was made that the judgment in favor of the children was excessive; but it was insisted that the court erred in not holding that a resulting trust in the property arose in their favor. We have heretofore determined that question adversely to the appellant's contention. Guest v. Guest, 208 S. W. 548. The minor children are not complaining of the failure to so hold, and the appellant has no right to complain without showing that he sustained some injury by the form of the judgment rendered. There is nothing in the record to indicate that he would have fared any better, had the court adopted his view and correspondingly enlarged the interest of the children in the title, instead of awarding them a money judgment.

The judgment is affirmed.