## SCOTT v. McCLAIN. .(No. 2044.)

(Court of Civil Appeals of Texas. Amarillo. June 21, 1922.)

1. Appeal and error ⊙═1127—Judgment not affirmed for failure to file transcript until after 90 days from filing appeal bond.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1610, requiring the Court of Civil Appeals to affirm a judgment appealed from, if appellant fails to file a transcript within 90 days from perfection of his appeal as required by article 1608, on appellee's filing a certificate of the clerk of the trial court stating when the appeal was perfected, a judgment from which an appeal was perfected on April 4 by filing an appeal bond as provided by article 2084 cannot be affirmed until after July 3, appellant having until that date to file his transcript, and the right, under article 1612, to file his assignments of error in the trial court at any time before the transcript is taken out, and his statement of facts, under article 2073, at any time before the filing of the transcript in the Court of Appeals.

2. Costs ⊙═262—No damages for frivolous appeal, without complete transcript and statement of facts.

Without a complete transcript, which may contain assignments of error and bills of exceptions, and a statement of facts, the Court of Appeals cannot assess damages, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1629, because of a frivolous appeal taken for delay.

Appeal from Collingsworth County Court; C. C. Small, Judge.

Action between R. L. Scott and H. L. McClain. Judgment for the latter and the former appeals. On motion to affirm judgment with damages for delay in filing transcript. Motion dismissed.

R. L. Templeton, of Wellington, for appellant.

Cocke & Gribble and R. Q. Murphree, all of Wellington, for appellee.

HALL, J. The appellee McClain files his motion in this court, praying that the judg-

ment in the court below be affirmed, and that 10 per cent. damages be assessed for delay. We think this motion is prematurely filed. The case was tried in the county court of Collingsworth county on the 10th day of March, 1922. The amended motion for new trial was filed March 17, 1922, and overruled by order duly entered on the same day. Supersedeas bond on appeal was filed and approved April 4, and the court adjourned the 25th day of March, 1922. Article 1608, V. S. C. S., provides that the plaintiff shall file his transcript with the clerk of the Court of Civil Appeals within 90 days from the performance (perfection) of the appeal. By the provisions of article 2084, the appeal was perfected in this case by filing with the clerk of the trial court an appeal bond as provided by law. Reeves v. Fuqua (Tex. Civ. App.) 183 S. W. 34. The 90-day period, therefore, in which the appellant has to file the transcript in this court, does not expire until July 3d. Accompanying appellee's motion is a transcript from the trial court, with the certificate of the clerk that it contains a true copy of all the proceedings except the process issued and the returns thereon. The appellant unquestionably has the right in prosecuting his appeal to demand and file in this court his own transcript. The transcript filed by the appellee herein does not contain any assignments of error. Under V. S. C. S. art. 1612, the appellant may file his assignments of error in the trial court at any time before the transcript is taken out. Railway Co. v. Gentry, 69 Tex. 625, 8 S. W. 98. No statement of facts was filed by the appellee, but under the provisions of article 2073, V. S. C. S., the appellant may file his statement of facts at any time before the time of filing the transcript in the Court of Appeals.

[1, 2] The motion to affirm with 10 per cent. damages for delay is evidently based upon articles 1610 to 1629. The former article provides that, in case the appellant shall fail to file a transcript of the record as directed in this chapter, then it shall be lawful for the appellee or defendant in error to file with the clerk of said court a certificate of the clerk of the trial court, stating when the appeal was perfected, and making it the duty of the Court of Civil Appeals to affirm the judgment of the court below unless good cause can be shown why the transcript was not filed by appellant. Clearly under this article we could not affirm the judgment below in this case until after July 3d, since the appellant has until that date to file his transcript here. Article 1629 provides that, where this court shall be of opinion that an appeal has been taken for delay, and there was no sufficient cause for taking the appeal, 10 per cent. damages upon the amount of the judgment, interest, and costs may be added thereto because of a frivolous appeal. Without a complete transcript which may contain assignments of error and bills of exception, and without a statement of facts, we cannot, of course, arrive at any conclusion as to the merits of the appeal.

Because the motion is prematurely filed, it is dismissed, and the costs taxed against the appellee.