**CROWLEY v. WILLIAMS.** (No. 2244.)

Court of Civil Appeals of Texas. El Paso.
Feb. 28, 1929.

Jno. L. Fowler and Paul Moss, both of Odessa, for appellant.

C. W. Tate and John F. Weeks, both of Odessa, for appellee.

PELPHREY, C. J. Mrs. Williams sued Crowley in the district court of Ector county, Tex., to cancel a deed to an undivided one-half interest in certain lots in the town of Odessa, Ector county, Tex., and for the sum of $1,500, which she claimed she had overpaid the said Crowley for legal services.

Appellee alleged that she was seized and possessed of all of the S. Williams and College additions to the town of Odessa, Tex., as the sole heir and devisee of Sol Williams, deceased, her former husband; that upon the representations of appellant, an attorney at law, that she needed his assistance to clear up the title to the property to enable her to sell same, she employed appellant to take the steps necessary to straighten out the title to the property, and agreed to pay him a reasonable fee for his services; that to secure appellant for his fee she executed a deed of conveyance to appellant of the lots; that it was agreed that said deed was not to be placed of record and was intended only as a mortgage; that appellant is threatening to place said deed of record and thereby place a cloud upon her title; that the representations made by appellant were untrue; that her title was perfect and no liens against the property except tax liens which appellant was not employed to defeat; that the deed given to appellant was wholly without consideration, as there was nothing for a lawyer to do in connection with her property; that she paid appellant $2,000, and that all the services rendered by appellant could not be worth more than $500; and prays for a judgment against appellant for $1,500 and a cancellation of the said deed.

In her second cause of action she pleaded trespass to try title.

Appellant answered by general and special demurrers, a general denial, a plea of not guilty, and specially pleaded the deed to the undivided one-half interest in the property and that same was conclusive upon appellee; specially denied the allegations in appellee's plea, and alleged that the one-half undivided interest in the property was the fee agreed upon; that appellant rendered valuable service to appellee; that he faithfully and diligently represented her in all matters incidental to the services contracted for, and expended various sums of his own money in attending to her affairs; that the interest in the property was conveyed to him in accordance with their express agreement; that the services rendered were reasonably worth the one-half of the property conveyed; and specially denies that the deed was intended as a mortgage.

The case was tried to a jury on the following issues:

"Special Issue No. 1: Do you find that the deed offered in evidence from Mrs. Florence Williams to Karl A. Crowley was not to be recorded and was to be held by the said Karl A. Crowley until reasonable attorney's fees had been paid him by Mrs. Florence Williams and that when said attorney's fees had been paid that such deed would be cancelled by the said Karl A. Crowley and returned to Mrs. Florence Williams? Answer yes or no.

"Special Issue No. 2: Did the consideration for said deed mentioned in Special Issue No. 1 fail on the part of the defendant Karl A. Crowley? Answer yes or no.

"Special Issue No. 3: Was said deed mentioned in Special Issue No. 1 given by the plaintiff to the defendant with the intention of being a mortgage? Answer yes or no."

The jury answered the first and third issues in the negative and the second issue in the affirmative.

Upon the findings of the jury judgment was rendered canceling the deed in question, and Crowley has perfected his appeal to this court.

## Opinion.

Appellant presents 13 assignments of error with 13 propositions thereunder.

Assignments 1, 4, 7, 8, 9, 11, and 13 complain of the judgment; 2 and 12 complain of the court's failure to instruct for appellant; 3 and 5 complain of the submission of special issue No. 2; 6, that the court erred in refusing to define the meaning of failure of consideration when requested by the jury to do so; and 10, that the verdict of the jury as to special issue No. 2 is contrary to the law and evidence.

Assignment of error No. 3 reads as follows: "The court erred in submitting to the jury Special Issue No. 2, over the objections and exceptions of the defendant, for the reason there was no evidence to justify the jury in finding that the consideration for the deed from plaintiff to defendant failed."

From a study of the evidence, we have concluded that this assignment should be sustained.

Appellee herself testified that appellant, by his efforts, saved her several hundred dollars in penalties and interest on the property; that he spent several days in Odessa examining the records and "seemed quite busy"; and that he went to Arkansas, hunted up the witnesses to her deceased husband's will and had the same probated, and paid his own expenses on this trip with the exception of $25 advanced by her.

Furthermore, we find from the allegations in her petition that the services rendered to her in the matter were of the value of not more than $500.

If the evidence shows anything, it is, at most, a partial failure of consideration, and refutes the idea of a total failure.

In our opinion the court erred in submitting the issue, and that action necessitates a reversal of the judgment.

■ Appellant further contends that by reason of appellee's testimony that she contracted through Abner Davis to purchase the interest of appellant in the property and made the initial payment thereon, she is now estopped from asking cancellation of the deed in question.

We have examined the pleadings of appellant and fail to find any pleading of estoppel, and, in the absence of such a pleading, we must disregard appellant's contention. Estoppel must be pleaded. Holland v. De Walt (Tex. Civ. App.) 225 S. W. 216.

In view of our decision to reverse and remand the cause, we think it unnecessary to consider the other assignments.

Reversed and remanded.