## MONTAGNE v. MONK.

### No. 2167.

Court of Civil Appeals of Texas. Beaumont. Dec. 3, 1931.

Crook, Lefler, Cunningham & Murphy, of Beaumont, for appellant.

Fred A. White and R. H. Jernigan, both of Port Arthur, for appellee.

O'QUINN, J.

A. J. Montagne, doing business under the trade-name of Jefferson Motor Car Company, of which he was the sole owner, brought this suit in the county court at law of Jefferson county against B. F. Monk to recover the sum of $328.30, the alleged balance due on a note, and interest and attorney's fees. Appellee answered by general demurrer, general denial, and a plea of failure of consideration. He also pleaded fraud on the part of appellant in inducing him to execute the note sued on, and asked that said note be canceled. He also by cross-action sued appellant for the value of an automobile in the sum of $200 alleged to have been delivered to appellant as part payment for another automobile sold appellee by appellant in part payment for which the note was given. Appellant answered the cross-action by general demurrer and general denial. The case was tried to a jury upon special issues, in answer to which, among other things, they found that appellant was guilty of fraud in inducing appellee to execute the note, and in favor of appellee on his cross-action in the sum of $216. Judgment was rendered for appellee. Motion for a new trial was overruled, and appellant has appealed.

■ Appellant's first proposition complains of the court's failure to sustain his general demurrer to the cross-action. There is noth-

452

ing in the record to indicate that the demurrer was called to the court's attention or that the court made any ruling on the demurrer. In the absence of such, the question is not before us for review. 3 Tex. Jur. p. 232; Stout Lumber Co. v. Mouton (Tex. Civ. App.) 293 S. W. 688; Dowlin v. Boyd (Tex. Com. App.) 291 S. W. 1095.

Propositions 2, 3, 5, and 6 urge that, as there was neither pleading nor proof showing that the 1927 model car sold appellee was not worth just as much as though it had been a 1928 model, therefore appellant was not damaged by the fraudulent misrepresentations of appellant that the car was a 1928 model, and appellant should have had judgment. These assignments are overruled. It is well settled that the fact that one buying an automobile was not damaged by the false statements of the seller to bring about the sale does not prevent him from setting up such fraud as a defense to an action against him on a note given in payment and the mortgage securing the payment of the note; the rule that fraud, to be the basis for recovery of damages, must have resulted in some pecuniary injury, not applying. Case Threshing Machine Co. of Texas v. Webb (Tex. Civ. App.) 181 S. W. 853 (writ denied). It is admitted that, when appellant sold the car to appellee, he represented to him that it was a 1928 model, and that when the bill of sale was made by appellant and sent to appellee it was to a 1927 model. Likewise the registration license theretofore taken out in another county, which was in evidence, showed the car to be a 1927 model. Appellee bought the car on the statement that it was a 1928 model and worth what that model in its condition showed. When he found that the car was not a 1928 model, but was a 1927 model, he offered to return the car, and was told that a proper adjustment would be made, but after several efforts he failed to get any adjustment, and returned the car, which was accepted by appellant. Then appellant treated the car as a recovered car for want of payment, and sold it at auction for $200, and applied that amount on the note for $528.30, and here sues for the balance. Appellant contends that in fact the car was a 1928 model, but the jury found that it was a 1927. Appellee says he would not have bought the car if he had known it was a 1927 model. His old car, for which he was allowed $200 as a payment on the car sold to him, was not returned to him. The jury found his damage at the valuation of this car and 6 per cent. interest, amounting to $216. We think the fact that he has suffered the damages is amply shown.

The fourth proposition, to the effect that appellant having received the car and retained same for a time and having driven same some 1,500 or 2,000 miles before returning it, he ratified the sale to him and was estopped to claim damages, it not appearing that the 1927 model was not worth as much as a 1928 model, would have been in a like condition. Ratification is a question of fact. 52 C. J. 1146. The question of ratification was not submitted to the jury, and therefore must be held to have been found by the court against appellant and in favor of appellee, which finding is supported by the record. Moreover, estoppel is a matter of special defense, and, to be available to appellant, he must have specially pleaded same. There being no such defense pleaded, the issue was not raised for decision. 10 R. C. L. § 148, p. 842; Crowley v. Williams (Tex. Civ. App.) 15 S.W.(2d) 661; Reo Motor Car Co. of Texas v. Barnes (Tex. Civ. App.) 9 S.W.(2d) 374.

The contention that the special issue whether the car was a 1927 or a 1928 model should not have been submitted to the jury because there was no evidence raising the issue, is overruled. The issue was raised by the bill of sale furnished by appellant, which showed that the car was a 1927 model. Likewise the previous registration receipt of the car showed it to be a 1927 model. The evidence supports the jury's finding that the car was a 1927 model. The judgment should be affirmed, and it is so ordered.

Affirmed.