## COOPER CO., Inc., v. WERNER.

### No. 8541.

Court of Civil Appeals of Texas. Austin.
Dec. 8, 1937.

Rehearing Denied Jan. 5, 1938.

824

Nat Harris and Mabel Grey Howell, both of Waco, for appellant.

Henderson, Kidd & Henderson, of Cameron, for appellee.

BLAIR, Justice.

The issue on this appeal is as to the business homestead vel non; the claim of home-stead being set up to defeat the lien of a writ of attachment. The facts show that appellant, the Cooper Company, Inc., sued E. P. Werner and Leo J. Werner, individually and as members of Werner Bros., a co-partnership, and recovered judgment for goods, wares, and merchandise sold to them in the sum of $1,161.76. At the time of the filing of the suit, appellant caused a writ of attachment to issue and the property herein involved was attached thereunder. Appellant also sued appellee, Mrs. Jennie A. Werner, the mother of the said E. P. and Leo J. Werner, alleging that they, by deeds dated July 13, 1935, and duly recorded, con-veyed to her their interest in the attach-ed property, for the recited consideration of $1 and love and affection; and that the con-veyance was made for the purpose of de-frauding these creditors, and the prayer was for its cancellation. A trial to the court re-sulted in a finding that the property was the business homestead of E. P. and Leo J. Werner at the time they conveyed it to their mother, and judgment was accordingly ren-dered for her.

Counsel for appellant concisely states the issue here presented, as follows: "The only question presented on this appeal is wheth-er or not the business property described in plaintiff's petition or rather the interest therein, of E. P. Werner and Leo J. Werner, constituted their business homestead at the time of the execution of the several deeds to Mrs. Jennie A. Werner? If the several interests of E. P. Werner and Leo J. Wer-ner, under the law, were appropriated to the purpose of a business homestead, with-in the meaning of the Constitution or the statute, then the conveyance to their mother would not come within the provision of the Fraudulent Conveyance Statutes of Texas."

More specifically appellant contends that the property interest conveyed by E. P. and Leo J. Werner to their mother was not their business homestead at the time of the con-veyance, upon the following grounds:

(1) Because there was no evidence ad-duced showing that the business property in suit, or any residence property of either E. P. or Leo J. Werner, or when considered with the business property in their entirety, did not exceed the value of $5,000 at the time of the appropriation of same for home-stead purposes.

(2) Because the evidence showed no im-mediate right of possession in either E. P. or Leo J. Werner at the time they undertook to appropriate same as their business home-

stead; but showed the right of possession to be in the mother, appellee here, who rented same to them.

(3) Because, by a credit statement to appellant, E. P. and Leo J. Werner dedicated their interests in the business building to their joint undertaking or partnership business, they were estopped to claim the property to be their individual business homestead; and were also estopped to claim same as homestead in any event.

Neither of these contentions is sustained. The evidence showed that the business property in suit is situated in the city of Cameron, Milam county, Tex. It consists of a lot with a brick business house erected thereon. The property was conveyed to F. J. Werner, the husband of appellee and the father of the said E. P. and Leo J. Werner, in 1910, and was community property. F. J. Werner died intestate in 1915, leaving as survivors his wife, the appellee, and their three children, E. P. and Leo J. Werner and one daughter, Mrs. Mary Werner Kosh. No administration was ever had on the estate of F. J. Werner. Neither he nor his wife after his death ever occupied or used the building as homestead. Prior to 1930, it was rented for 16 or 17 years to J. D. Dobbins, at a rental of $100 or more per month. Dobbins used the building in carrying on his grocery business. In 1930, he became insolvent and E. P. and Leo J. Werner purchased his bankrupt stock located in the building. At the time they purchased this stock and began the operation of their partnership grocery business there, they each owned an undivided one-sixth interest in the property through inheritance from their deceased father. As to their right of possession, E. P. Werner testified that at the time he and his brother purchased the bankrupt stock in the building, they began the operation of their business therein; and further testified that: "As we had an interest in the estate and building, we just told mother that we were going to buy the stock out and conduct a business in there. * * * We told mother we would pay her a reasonable rental on the building in order that she may be able to pay the taxes, insurance, repairs and upkeep. * * * What I meant (when first on the stand) by the control was that by the agreement she was to pay the taxes, insurance, repairs and upkeep in that manner."

On cross-examination said witness testified:

"Q. You rented the building from your mother? A. We just told her that we were going to use the building.

"Q. Got her permission? A. No, sir. We had an interest in the building.

"Q. You told her that? A. Yes, sir.

"Q. You told her that at the time? A. Yes, sir."

The evidence further showed that E. P. Werner married in 1923; that Leo J. Werner married in 1933; and that each was the head of a family and continued the operation of their grocery business in the building from that time until after they conveyed their respective interests to their mother, appellee, in 1935. The evidence dealt fully with the homestead rights of the Werners in the business building, but no mention was made of a residence homestead of either of them; and no such homestead right was asserted by either of them. A financial statement made by them to appellant, about one month before they conveyed their interest in the building in question to their mother, listed this business property as the joint property of their mother, their sister, and themselves. They also listed a residence in west Cameron, valued at $1,500, which under the evidence was evidently the homestead of their mother, and a "rent" house, valued at $1,000. The business house in suit was valued in the statement at $10,000. There was no other evidence as to its value at the time it was appropriated to homestead use by E. P. and Leo J. Werner, and the only homestead rights claimed by them was as to their respective interests in the business property. Appellant neither pleaded nor proved that the homestead property claimed by either E. P. or Leo J. Werner exceeded the value of $5,000 when appropriated to homestead use. Nor did appellant plead any character of estoppel on the part of the Werners because of the financial or credit statement made to it.

This evidence established that E. P. and Leo J. Werner had each appropriated his interest in the property in suit to business homestead purposes. The trial court could have reasonably inferred from the credit statement of the Werners to appellant, which was introduced by it, and the evidence showing their one-sixth undivided interest in the property, that the respective interest of the two Werner brothers was of the value of $1,500. There were no pleadings nor any direct evidence tending

to show that the homestead property of either of the Werner brothers was in excess of the $5,000 constitutional limit, nor that either of them owned a residence homestead. Since the Werners pleaded the homestead, and the evidence showed that the property involved was impressed with the homestead rights of the Werners, the burden rested upon appellant to plead and prove that the value of their respective homestead properties was in excess of the $5,000, at the time same were appropriated to homestead purposes. This appellant did not do. The rule is settled that where a homestead right in property is asserted and established, and where a creditor of the homestead debtor seeks to subject any excess value above the $5,000 constitutional limit to the payment of his debt, he must both allege and prove such excess value. Article 16, § 51, Const.; Article 3833, R.S. 1925; Fitzhugh v. Connor, 32 Tex.Civ.App. 277, 74 S.W. 83; Hargadene v. Whitfield, 71 Tex. 482, 9 S.W. 475; Chalk v. Daggett, Tex.Com.App., 257 S.W. 228; McKenzie v. Mayer, Tex.Civ.App., 20 S.W.2d 238; 22 Tex.Jur. p. 34, § 19, and p. 219, § 153.

The evidence was also sufficient to show such a possessory right of each E. P. and Leo J. Werner in the business building as would support their respective claims of business homestead therein. They each owned a one-sixth undivided interest in the property through inheritance from their father. Neither their father nor their mother ever used or claimed the business property as homestead. There had been no partition of the property estate owned by said heirs or by tenants in common; but it was subject, except the residence homestead occupied by the mother, to such partition. All of the tenants in common had equal rights of possession of the property, at least jointly. The evidence shows that E. P. and Leo J. Werner actually took possession of and used the property for the purpose of carrying on their joint business enterprise. Under such facts they were entitled to appropriate their respective interests in the property to business homestead purposes. Homestead rights may be impressed on lands owned by tenants in common or joint owners, or may be sustainable by one who has only an undivided interest in the property. This rule has been established upon the theory that justice and reason will not deprive one of such homestead rights or interests on the ground that he does not own the whole of the property.

Lewis v. Sellick, 69 Tex. 379, 7 S.W. 673; Johnson v. Echols, Tex.Civ.App., 21 S.W. 2d 382; Tucker v. Dodson, Tex.Civ.App., 245 S.W. 728. The only limitation upon such homestead rights is that the just rights of the cotenants to a partition and division of the property are not prejudiced. Luhn v. Stone, 65 Tex. 439; Jenkins v. Volz, 54 Tex. 636; Brown v. McLennan, 60 Tex. 43; Clements v. Lacy, 51 Tex. 150; Powell v. Ott, Tex.Civ.App., 146 S.W. 1019; Massillon, etc., Co. v. Barrow, Tex.Com.App., 231 S.W. 368; Griffin v. Harris, 39 Tex.Civ. App. 586, 88 S.W. 493, writ ref.; Gose v. Burnett, Tex.Civ.App., 60 S.W.2d 886, writ ref.; Weiser v. Travis, etc., Co., Tex.Civ. App., 63 S.W.2d 246, writ ref.; Greenawalt v. Cunningham, Tex.Civ.App., 107 S.W.2d 1099; Rettig v. Houston, etc., Co., Tex. Com.App., 254 S.W. 765; First Nat. Bank v. Jones, Tex.Civ.App., 59 S.W.2d 1103; 22 Tex.Jur. 240–242.

Nor does the fact that Werner Brothers agreed to or did pay $60 to $75 per month to their mother for purposes of her support and with which to pay all taxes, insurance, and upkeep of the building, deprive them of the right to appropriate their respective interests to business homestead purposes. This was merely an agreement between the tenants in common, and by it the Werner brothers did not in any manner surrender their possession and use of the building for carrying on their business enterprise. There were some general statements in evidence to the effect that the mother, appellee here, continued to control and manage the building, but the more specific testimony on cross-examination showed that her control and management did not extend to the building itself, but merely to the acceptance of the monthly stipends for her support and for the purpose of paying taxes, insurance, and upkeep on the building; and the trial court so found in its findings of fact. The evidence not only showed a possessory right of E. P. and Leo J. Werner in the business building, but showed that they exercised that right and took possession of and used the building under that claim of right and under such circumstances as to impress it with the business homestead purposes.

The undisputed evidence showed that neither E. P. nor Leo J. Werner dedicated or conveyed their interest in the store building to the partnership under such a conveyance as would deny them the right to appropriate such interests as business

homestead. The financial statement introduced by appellant was a statement of the partnership and was signed by E. P. Werner, as a member thereof. It was not signed and acknowledged by either of the Werners or their wives. Peters v. Clements, 52 Tex. 140; Hutchenrider v. Smith, Tex.Com.App., 242 S.W. 204; Indemnity Ins. Co. v. Kelley, Tex.Civ.App., 44 S.W.2d 756; Upham v. Banister, Tex.Civ.App., 44 S.W.2d 1014; Crowley v. Williams, Tex.Civ.App., 15 S. W.2d 661; Llewellyn v. First Nat. Bank, Tex.Civ.App., 265 S.W. 222; Holland v. De Walt, Tex.Civ.App., 225 S.W. 216; Wootton v. Jones, Tex.Civ.App., 286 S.W. 680. And even if it could be held that the property was dedicated to partnership, a partner may claim a homestead in respect of firm property. Swearingen v. Bassett, 65 Tex. 267.

Nor did appellant plead any character of estoppel on part of the Werners or their wives because of the financial or credit statement made by one of the partners to it; and the Werners were in actual, visible, and notorious possession of the building at all times material here.

The judgment of the trial court will be affirmed.

Affirmed.