Reversed and Remanded and Opinion filed June 18, 2009








Reversed and Remanded and Opinion filed June 18, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00789-CV

_______________

 

HOWARD GRANT, M.D., Appellant

 

V.

 

SHAWNA M. CLOUSER AND VALERIE M. JAMISON, AS THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF MARK E. JAMISON, SR., Appellees

                                                                                                                                     
          

On Appeal from the 11th District Court

Harris County, Texas

Trial Court Cause No. 06-41158

                                                                                                                                               


 

O P I N I O N

Appellant Howard Grant, M.D. appeals
the trial court=s judgment following a bench trial on his application for
partition by sale of jointly owned real property under section 23.001 of the
Texas Property Code and Texas Rule of Civil Procedure 770.  The appellees are
Valerie M. Jamison, as the Personal Representative of the Estate of Mark E.
Jamison, Sr., and Shawna Clouser.  Grant contends the trial court erred when it
denied his application for partition by sale on the basis that homestead rights
attached to cotenant Shawna Clouser=s 25 percent interest in the real
property.  We reverse and remand. 








Background

Ernest Clouser and Gwendolyn McCall
Jamison were married on December 22, 1968.   In 1969, they purchased a
residence at 5028 Winnetka Street in Houston, described as ALot Seventeen (17), in Block
Eighty-four (84) of RIVERSIDE TERRACE, NINETEENTH SECTION, a sub-division in
Harris County, Texas, according to map thereof recorded in Volume 17, Page 13
of the Map Records of Harris County, Texas.@  A deed conveying this real property
to Ernest and Gwendolyn Clouser was filed of record in Harris County on July
15, 1969.

Gwendolyn Clouser died intestate on
February 2, 1975.  Her children, Shawna Clouser and Mark E. Jamison, Sr.,
inherited Gwendolyn=s 50 percent community property interest in the 5028 Winnetka
Street property in equal shares of 25 percent each.  Ernest and Shawna Clouser
both used the property as their homestead until Ernest remarried and moved
into  another home with his new wife, Margaret E. Clouser.  Shawna Clouser
continued to use the property as her homestead after Ernest Clouser remarried.

On March 4, 1993, Grant obtained a
$43,033 judgment against Ernest Clouser.  An abstract of judgment was filed of
record at the Harris County Clerk=s Office on August 9, 1993.  Harris
County Constable Victor Trevino subsequently executed on the 1993 judgment; he
levied on the 5028 Winnetka Street property on September 5, 2000.  

Trevino sold Ernest Clouser=s 50 percent interest in the 5028
Winnetka Street property to Grant at a constable sale held on October 3, 2000. 
Trevino issued a Deed under Execution to Grant on November 10, 2000.  The deed
was filed of record at the Harris County Clerk=s Office on November 14, 2000, and
states as follows:

I, Victor Trevino, Constable Precinct No. 6 of Harris
County . . . have granted, sold and conveyed, and by these presents, do grant,
sell and convey unto the said, Howard Grant, for the use and benefit of
itself, its successors and assigns all estate, right, title, and interest which
said Ernest Clouser had on the 4th day of March, 2000 or
anytime afterwards, in and to the following land and premises, as described in
said Execution, viz:








Lot Seventeen (17), in Block Eight-four (84), of
Riverside Terrace, Nineteenth Section, a sub-division in Harris County, Texas
according to the map or plat thereof recorded in Volume 17, Page 13 of the Map
Records of Harris County, Texas.  Or more commonly known as 5028 Winnetka St.
Houston, Texas 77021.

To have and to hold the above described land and
premises unto the said, Howard Grant, its successors and assigns
forever, as fully and as absolutely as I . . . can convey by virtue of said
execution.

 

Grant filed an application for
partition and order of sale naming Shawna Clouser and Mark E. Jamison, Sr. as
defendants on June 30, 2006.  Grant asserted in his application that he
obtained Ernest Clouser=s 50 percent interest in the property by Harris County
Constable=s Deed.  Grant asked the trial court to order a sale, contending that the
property is not capable of fair and equitable division or fair and equitable
use by two unrelated joint owners.  Grant also asked the trial court to
determine Athe share or interest of each of the joint owners or claimants@ in the property.  

Shawna Clouser filed her original
answer on July 24, 2006, asserting that Grant=s interest in the property is invalid
and that Grant=s application for partition by sale is barred by article XIV, section 50
of the Texas Constitution because she Ahas been using said property as her
Texas Urban Homestead since 1989.@

Grant filed a joint motion for
default judgment against Mark E. Jamison, Sr. and for summary judgment against
Shawna Clouser on August 22, 2006.  The trial court signed a judgment
granting both motions on September 20, 2006.  The trial court later granted
Shawna Clouser=s and Mark E. Jamison, Sr.=s motion to set aside the September
20, 2006 judgment, and set the case for trial. 








On December 18, 2006, Grant filed an
amended application for partition and order of sale naming as defendants Shawna
Clouser and the personal representative of Mark E. Jamison, Sr.=s estate, Valerie M. Jamison.  Grant
asserted that he obtained Ernest Clouser=s 50 percent interest by Harris
County Constable=s Deed.  He also asserted that Shawna Clouser and Mark E.
Jamison, Sr. equally inherited Gwendolyn Clouser=s 50 percent interest in the property
upon her death.  Contending that the property is not capable of fair and
equitable division or fair and equitable use in kind, Grant asked the court to
(1) Aorder a sale of the subject property
in its entirety;@ (2) determine Athe share or interest of each of the
joint owners or claimants in the real estate sought to be divided;@ and (3) partition the proceeds
according to the respective interests in the property.[1]

The trial court conducted a bench
trial on June 29, 2007.  The trial was conducted based on exhibits admitted
without objection and on stipulated facts.  At trial, the parties did not
dispute (1) the respective ownership shares belonging to Grant, the estate of
Mark E. Jamison, Sr., and Shawna Clouser; (2) the validity of Grant=s ownership interest; (3) the
existence of a homestead right attaching to Shawna Clouser=s interest; or (4) the fact that the
residence at 5028 Winnetka Street is not capable of fair and equitable division
among multiple owners.  Shawna Clouser=s only basis at trial for opposing
partition by sale was the existence of homestead rights attaching to her 25
percent interest. The trial court signed a judgment denying partition by sale
on September 17, 2007.[2]             

Analysis

I.          The
Parties= Interests








It is undisputed that Grant acquired
a 50 percent interest in the property at 5028 Winnetka Street.[3] 
It is undisputed that Shawna Clouser and the estate of Mark E. Jamison, Sr.
each own a 25 percent interest in the same property.  It is undisputed that
homestead rights attach to Shawna Clouser=s 25 percent interest in the
property.  Grant seeks to compel partition by sale of the property.[4] 
Shawna Clouser opposes partition by sale.  Therefore, this case pits a cotenant=s statutory right to partition by
sale against another cotenant=s homestead right.  The trial court ruled in Shawna Clouser=s favor and denied partition by sale.

In his sole issue on appeal, Grant
contends that the trial court erred when it refused to compel partition of the
property by sale because (1) the right to partition is absolute, and Ahomestead laws do not preclude
partition by sale of real property where a homestead-claiming cotenant asserts
homestead as a defense to a non-homestead-claiming cotenant[=s] attempt to partition@ the property by sale; (2) Texas
homestead laws are intended to prevent forced sales of a homestead only when a
creditor seeks a forced sale of a debtor=s homestead; (3) Shawna Clouser is
not Grant=s judgment debtor; and, therefore, (4) article XVI, section 50(a) of the
Texas Constitution and Texas Property Code section 41.001 do not preclude Grant=s right to partition.  








In the trial court, Shawna Clouser
argued that her homestead interest and article XVI, section 50 of the Texas
Constitution preclude partition by sale because Grant obtained his interest as
Ernest Clouser=s judgment creditor.  Shawna Clouser also asserted that Aat the time actually where the
judgment took place, [Shawna] Clouser had a homestead interest in the
property.  That homestead interest could not be trumped by any lien that
attaches thereafter.@  Shawna Clouser stipulated that her homestead right in the
property extends only to her own 25 percent ownership interest.

Shawna Clouser did not assert that a
homestead right still attached to Ernest Clouser=s 50 percent interest in the property
after he remarried and moved out of 5028 Winnetka Street.  The parties do not
dispute that the property ceased to be Ernest Clouser=s homestead when he remarried and
moved to a new home with his new wife; nor did they challenge at trial the
validity or the means by which Grant acquired Ernest Clouser=s 50 percent interest in the
property. 

Given these circumstances, we must
determine whether Grant=s right to partition by sale as a cotenant of the property is
trumped by homestead rights attaching to Shawna Clouser=s 25 percent interest in the
property.  Because there are no disputed issues of material fact on this
record, we are presented with a question of law to resolve.  We review this
question of law de novo.  See In re Humphreys, 880 S.W.2d 402,
404 (Tex. 1994) (Aquestions of law are always subject to de novo review@). 

II.        Application
of Legal Standards to the Parties= Interests

Homestead rights historically have
enjoyed strong protection in Texas.  See, e.g., Florey v. Estate of
McConnell, 212 S.W.3d 439, 443 (Tex. App.CAustin 2006, pet. denied). The Afundamental idea connected with a
homestead is . . . that of a place of residence for the family, where the
independence and security of a home may be enjoyed, without danger of its loss,
or harassment and disturbance . . . a secure asylum of which the family cannot
be deprived . . . .@  Cocke v. Conquest, 120 Tex. 43, 35 S.W.2d 673, 678
(1931); see also Norris v. Thomas, 215 S.W.3d 851, 859 (Tex. 2007) (O=Neill, J., dissenting) (quoting Cocke,
120 Tex. 43, 35 S.W.2d at 678). 








This strong pro-homestead tradition
predates statehood, and the Republic of Texas was determined to protect
homesteads.  See Norris, 215 S.W.3d at 854 (majority opinion).  The
homestead interest is a legal interest created by the Texas Constitution.  See
Heggen v. Pemelton, 836 S.W.2d 145, 148 (Tex. 1992).  The Texas
Constitution provides special protections for the homestead separate and
distinct from protections afforded other types of property.  See Tex.
Const. art. XVI, ' 50.  Because constitutional homestead rights protect
citizens from losing their homes, statutes relating to homestead rights are
liberally construed to protect the homestead.  Kendall Builders, Inc. v.
Chesson, 149 S.W.3d 796, 807 (Tex. App.CAustin 2004, pet. denied).

Partition rights also are well
established.  The Texas Property Code provides that A[a] joint owner or claimant of real
property or an interest in real property . . . may compel a partition of the
interest or the property among the joint owners or claimants under this chapter
and the Texas Rules of Civil Procedure.@  Tex. Prop. Code Ann. ' 23.001 (Vernon 2000); see also
Tex. R. Civ. P. 770.  The right to partition has been characterized as Aabsolute.@  Mayes v. Stewart, 11 S.W.3d
440, 457 (Tex. App.CHouston [14th Dist.] 2000, pet. denied); Carter v. Charles,
853 S.W.2d 667, 671 (Tex. App.CHouston [14th Dist.] 1993, no writ).  If the property cannot
be partitioned in kind, there must be a partition by sale.  Tex. R. Civ. P.
770; Carter, 853 S.W.2d at 671-72; Beago v. Ceres, 619 S.W.2d
293, 295 (Tex. Civ. App.CHouston [1st Dist.]1981, no writ).








A homestead right must accommodate
the right to partition in some circumstances.  For example, upon divorce, the
trial court has broad power to order a Ajust and right@ division of a divorcing couple=s estate, including the power to
order the sale of the homestead and partition of the proceeds.  Laster v.
First Huntsville Props. Co., 826 S.W.2d 125, 131 (Tex. 1991).[5] 
Under these circumstances, the homestead right attaches to the proceeds of the
partition sale; a spouse generally enjoys continued homestead protection for
the proceeds of the partition sale against creditors.  See id. at 132; Delaney
v. Delaney, 562 S.W.2d 494, 495-96 (Tex. Civ. App.CHouston [14th Dist.] 1978, writ dism=d).

Section 52 of article XVI of the Texas
Constitution establishes another circumstance when a homestead right must
accommodate the right to partition.  Section 52 states:

On the death of the husband or wife, or both, the
homestead shall descend and vest in like manner as other real property of the
deceased, and shall be governed by the same laws of descent and distribution,
but it shall not be partitioned among the heirs of the deceased during the
lifetime of the surviving husband or wife, or so long as the survivor may elect
to use or occupy the same as a homestead, or so long as the guardian of the
minor children of the deceased may be permitted, under the order of the proper
court having the jurisdiction, to use and occupy the same.

 

See Tex. Const.
art. XVI, ' 52.  Under this provision, heirs have a right to partition real property
after the surviving spouse=s death; accordingly, an heir may not defeat partition sought
by another heir even if the property is the heir=s homestead.  See id.; Thompson
v. Kay, 124 Tex. 252, 77 S.W.2d 201, 214-15 (1934); In re Estate of
Casida, 13 S.W.3d 519, 523 (Tex. App.CBeaumont 2000, no pet.); Nat=l Union Fire Ins. Co. v. Olson, 920
S.W.2d 458, 461-62 (Tex. App.CAustin 1996, no pet.).

Here, the trial court did not order
the partition of a homestead in a divorce action as part of the Ajust and right@ division of a couple=s marital  estate.  Nor is Grant an
heir who can invoke a right to partition under section 52 of article XVI.[6] 
Therefore, resolution of this appeal turns on principles governing rights of
cotenants in circumstances other than those involving divorce or conflicts
among heirs. 








Homestead rights can attach to
property interests held by tenancy in common; however, such homestead rights
may not prejudice the rights of a cotenant.  Clements v. Lacy, 51 Tex.
150, 1879 WL 7655, at *7-*8 (1879); see also Cooper Co. v. Werner, 111
S.W.2d 823, 826 (Tex. Civ. App.CAustin 1937, no writ); Medearis v. Buratti, 275 S.W.
617, 619 (Tex. Civ. App.CAustin 1925, no writ);  Leach v. Leach, 223 S.W. 287,
289 (Tex. Civ. App.CTexarkana 1920, no writ).  The general rule is that homestead
rights attaching to property interests held by a cotenant are subordinate to
another cotenant=s right to partition.  See Cleveland v. Milner, 141
Tex. 120, 170 S.W.2d 472, 476 (1943); Reid v. Howard, 71 Tex. 204, 9
S.W. 109, 110 (1888); Clements, 51 Tex. 150, 1879 WL 7655, at *7-*8;
Cooper Co., 111 S.W.2d at 826; Medearis, 275 S.W. at 619;  Leach,
223 S.W. at 289. 

The question arises whether the
general rule is applicable here in light of Shawna Clouser=s argument that article XVI, section
50 of the Texas Constitution precludes a partition by sale because Grant
acquired his cotenant interest in the property as Ernest Clouser=s judgment creditor.   

Cleveland, 141 Tex. 120, 170 S.W.2d at 473-76,
is instructive in answering this question.  In Cleveland, Kathleen
Martin and Ausben Cleveland were siblings who owned an undivided one-half
interest as cotenants in two lots.  Id. at 473, 475.  They lived in a
house on lot one together with their mother, their stepfather A. E. Milner, and
Milner=s minor children from a previous
marriage.  Id. at 473-74.  Kathleen Martin later married and moved
away.  Id. at 474.  Ausben Cleveland also married and brought his wife
to live in the house on lot one together with Ausben, Milner, and Milner=s children.  Id.

Milner acquired Kathleen Martin=s one-half interest in lot one in
April 1935.  Id. at 474, 476.  In the fall of 1935, the old house was
torn down and a new house was built on lot one; Ausben Cleveland and his wife
continued living together with Milner and his children in the new house.  Id.
at 474-75.  After Milner=s death, the administrator of his estate sought to partition
lot one.  Id. at 473.  








The court held that Milner and Ausben
Cleveland were cotenants when the new house was built on lot one.  Id.
at 476.  Applying the general rule, the court held that Milner=s Aright to possess and improve the
property was equal to that of Ausben Cleveland; and the homestead right that
Ausben Cleveland as cotenant acquired in the property was subordinate to the
other co-owner=s right to an equitable partition . . . or, if necessary, the property
may be sold and the proceeds divided.@  Id.

The general rule applies with equal
force here.  Like Milner in Cleveland, Grant acquired a 50 percent
interest in the property at issue from a prior cotenant.  The propriety of the
means by which Grant acquired his 50 percent interest from Ernest Clouser was
not challenged at trial.  Having acquired Ernest Clouser=s 50 percent interest, Grant became a
cotenant with Shawna Clouser and Mark E. Jamison, Sr.  See id.  Under
these circumstances, Shawna Clouser=s homestead right was Asubordinate to the other co-owner=s right to . . . partition . . . .@  See id. 

The Texas Supreme Court did not
suggest in Cleveland that the means by which a cotenant acquires that
status from a prior cotenant diminishes the cotenant=s rights or affects the application
of the general rule.  Nor did the court suggest that the homestead protection
embodied in article XVI, section 50 precludes a request for partition by sale
by a cotenant who was the judgment creditor of someone other than
the homestead-claiming cotenant.   Cf. id. at 475 (AUndoubtedly Cleveland and his wife
could have invoked successfully the homestead exemption, had this been a suit
by their creditor to subject the property to payment of debt.@) (emphasis added); see also Tex.
Prop. Code Ann. ' 41.021 (Vernon 2000) (explicitly referring to Ajudgment debtor@ and Ajudgment creditor@ in the context of enforcing a
judgment debt when judgment debtor has not made a voluntary homestead
designation).








Under Cleveland, one cotenant
cannot rely upon a homestead right to trump the partition right of a cotenant
who acquired his interest from a prior cotenant.  See Cleveland, 141
Tex. 120, 170 S.W. 2d at 473.  Therefore, Shawna Clouser=s homestead right in her 25 percent
undivided interest is subordinate to Grant=s right to compel partition by sale. 
Id.  Shawna Clouser=s homestead right attaches to her share of the proceeds from
the sale.  See Laster, 826 S.W.2d at 132.  Accordingly, we hold that the
trial court erred by denying Grant=s amended application for partition
by sale.

Conclusion

We reverse the trial court=s judgment denying Grant=s application for partition by sale,
and remand for further proceedings consistent with this opinion.

 

 

/s/        William J. Boyce

Justice

 

 

 

Panel consists of Justices Frost,
Brown, and Boyce.

 

 

 

 

 

 

 

 

 

 

 

 

 

 









[1]           Valerie M. Jamison filed for bankruptcy in
2005.  The bankruptcy court signed an order on May 23, 2007 lifting the
automatic stay Afor the limited purpose of permitting Howard Grant,
M.D. to seek, in a state court of competent jurisdiction, a determination as to
the partition@ of  the 5028 Winnetka Street property. 

 





[2]           Grant requested findings of fact and
conclusions of law on July 16, 2007.  Grant filed his notice of appeal on
September 19, 2007.  Grant filed a notice of past due findings of fact and
conclusions of law on October 10, 2007.  No written findings were made by the
court.

 





[3]           After Constable Trevino levied on the 5028
Winnetka Street property on September 5, 2000, Ernest Clouser executed a
Replacement General Warranty Deed on September 15, 2000 reflecting a purported
conveyance of his 50 percent interest in the 5028 Winnetka Street property to
his wife Margaret E. Clouser.  The Replacement General Warranty Deed stated
that the Aconveyance was made and accepted on or about June 1,
1992 and the deed was lost by the Grantee prior to being recorded.@  The Replacement General Warranty Deed was filed in
the Harris County Clerk=s Office on September 29, 2000. Margaret E. Clouser
executed a Quitclaim Deed granting any rights she had in the 5028 Winnetka
Street property to Shawna Clouser on August 9, 2005.  The Quitclaim Deed was
filed in the Harris County Clerk=s
Office on September 7, 2005.  Because Grant=s
interest was not disputed at trial, we decide this appeal based on the
existence and validity of Grant=s 50 percent
interest in the property at 5028 Winnetka Street.

 





[4]           Valerie M. Jamison did not join Grant=s application for partition by sale in the trial court
and did not appeal the trial court=s
judgment denying partition by sale.  Valerie M. Jamison nonetheless filed an
appellee=s brief on appeal in which she joins in Grant=s request to reverse the trial court=s judgment denying Grant=s application for partition by sale.





[5]           In Laster, the supreme court
declined to address whether a non-spouse cotenant=s right to partition trumped a divorced spouse=s homestead interest in her share of the marital
property.  Laster, 826 S.W.2d at 131 n.3.  In so doing, the court
narrowly construed Sayers v. Pyland, 139 Tex. 57, 161 S.W.2d 769, 773
(1942).  The court concluded that Sayers does not establish Athat a cotenant=s
right to partition [is] paramount to another cotenant=s homestead right because [Sayers] rested its
holding on the fact that the homestead right had been voluntarily subordinated
to another cotenant=s rights.@  Id. 
Given the supreme court=s discussion of Sayers in Laster, we do
not rely on Sayers to resolve the issue presented in this appeal.





[6]           Shawna Clouser and Mark E. Jamison, Sr.
were Gwendolyn Clouser=s heirs.  Neither Mark E. Jamison, Sr. nor Valerie M.
Jamison, as the representative of Mark=s
estate, sought partition of the 5028 Winnetka Street property in the trial
court.  Valerie M. Jamison did not appeal the trial court=s judgment denying Grant=s application for partition by sale.  Therefore, we do not resolve this
appeal based on the constitutional right of heirs to compel partition.